UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:14-CV-641-ORL-28-DAB

WESLEY J. LACKEMACHER, an individual,

    Plaintiff,

vs.

CREDIT PROTECTION ASSOCIATION, L.P.,
a Texas corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Wesley J. Lackemacher, an individual, sues Defendant, Credit Protection Association, L.P., a Texas corporation, and alleges:

### *JURISDICTION*

1. This Court has jurisdiction of this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k.

### *ALLEGATIONS AS TO PARTIES*

2. At all times material hereto, Plaintiff, Wesley J. Lackemacher ("Mr. Lackemacher"), was *sui juris* and a resident of Orange County, Florida.

3. At all times material hereto, Defendant, Credit Protection Association, L.P. ("CPA"), is a Texas corporation doing business in Orange County, Florida.

4. At all times material hereto, CPA was a "debt collector" as said term is defined

1

under 15 U.S.C. §1692a(6).

5. At all times material hereto, CPA routinely made collection and other calls to persons using automated dialing systems and pre-recorded messages.

## *FACTUAL ALLEGATIONS*

6. In late 2012, Mr. Lackemacher entered into a home cable internet subscriber agreement with Bright House Cable for his residence in Orange County, Florida.

7. In or about February, 2013, Mr. Lackemacher terminated his cable service at his residence in Orange County, Florida.

8. Subsequent to the termination of his cable service, Bright House Cable claimed that Mr. Lackemacher owed monies to Bright House Cable for *inter alia* cable service and equipment fees ("Disputed Cable Bill").

9. Mr. Lackemacher disputes owing any money to Bright House Cable under the Disputed Cable Bill.

10. At some unknown time in the past, Bright House Cable retained CPA for the purpose of collecting monies purportedly owed by Mr. Lackemacher for the Disputed Cable Bill.

11. On April 26, 2013 at 2:37 p.m., Credit Protection sent or caused to be sent a "text message" to the cellular phone of Mr. Lackemacher as follows:

> FREEMSG to WESLEY
> LACKEMACHER. From Credit
> Protection Association LP a
> debt collector. Call
> 888-262-1051.
> Ref#1718919355. To opt-out
> reply STOP
>
>                                       ("4/26/13 Text Message")

12. On Wednesday, May 29, 2013, at approximately 6:42 p.m., CPA sent or caused to be sent a "text message" to the cellular phone of Mr. Lackemacher as follows:

> FREEMSG to WESLEY
> LACKEMACHER. From Credit
> Protection Association LP a
> debt collector. Call
> 888-262-1051.
> Ref#1718919355. To opt-out
> reply STOP

("5/29/13 Text Message")

13. "Text messages" are "calls" within the context of the TCPA. See, *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009).

14. Mr. Lackemacher did not give CPA his cellular phone number.

15. Mr. Lackemacher did not give CPA consent to call or text his cellular phone.

16. The 4/26/13 Text Message and 5/29/13 Text Message were each received by Mr. Lackemacher under circumstances wherein a third party — including co-workers at the place of employment of Mr. Lackemacher — could see the respective text messages.

## COUNT I - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

17. This is an action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, which provides for a private cause of action for violations of the TCPA and regulations promulgated thereunder by the Federal Communications Commission ("FCC"), 47 C.F.R., Part 64, Subparts 1200 and 1601.

18. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as it set forth hereat in full.

3

19. The automatic telephone dialing system used by Defendant – referred to throughout as an "autodialer" – is an "automatic telephone dialing system" as envisioned by 47 U.S.C. § 227.

20. CPA falls within the definition of a "person" as defined by 47 U.S.C. § 153(39).

21. CPA uses an autodialer and prerecorded messages or text messages to contact large numbers of persons for collection of delinquent accounts.

22. CPA places thousands of calls and text messages per week to collect debts.

23. CPA does not use its automated dialer, prerecorded voice calls or text messages for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

24. CPA regularly calls and texts people who have not consented be called by CPA.

25. As more particularly described above, CPA placed non-emergency telephone calls and text messages to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiff in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. There is no exception or justification for the violations of the TCPA by CPA.

27. Each call to the cellular phone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against CPA in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

28. CPA willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) pursuant to 47 U.S.C.

§227(b)(3).

WHEREFORE, Plaintiff, Wesley J. Lackemacher, an individual, demands judgment against Defendant, Credit Protection Association, L.P., a Texas corporation, for an:

- A. Award of damages in the amount of $500.00 per call;
- B. Award of treble damages for CPA's willful violations of the TCPA; and
- C. Such other and further relief as the Court deems appropriate.

## COUNT II - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1601 *ET SEQUI.*)

29. This is an action for violation of 15 U.S.C. §1601, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

30. Mr. Lackemacher realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as if set forth hereat in full.

31. At all times material hereto, Mr. Lackemacher was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

32. At all times material hereto, Bright House Cable was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

33. At all times material hereto, the Disputed Cable Bill was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

34. At all times material hereto, CPA was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

35. As more particularly described above, CPA has violated the FDCPA in that:

(a) CPA has engaged in conduct, the natural consequence of which is to harass, oppress

or abuse Mr. Lackemacher in connection with the collection of a debt in contravention of 15 U.S.C. §1692d; and

(b) CPA has used unfair or unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

36. Pursuant to 15 U.S.C. §1692k, Mr. Lackemacher is entitled to recover statutory damages of $1,000.00.

37. Mr. Lackemacher has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Wesley J. Lackemacher, an individual, demands judgment against Defendant, Credit Protection Association, L.P., a Texas corporation, as follows:

A. For statutory and actual damages against Defendant pursuant to 15 U.S.C. §1692k;

B. For an award of attorney's fees, costs and expenses; and

C. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Wesley J. Lackemacher, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

LAW OFFICE OF ROBERT W. MURPHY

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com
and rwmurphy@lawfirmmurphy.com